### MARVEL CO. v. TULLAR CO. et al.

#### (Circuit Court, S. D. New York. December 2, 1903.)

**1. UNLAWFUL COMPETITION—PATENTED ARTICLES—MANUFACTURE—FORM OF ARTICLE.**

Where a patented article was manufactured by both plaintiff and defendants, and the similarity in the article made by defendants was only such as was necessary in the making and operation of such article, and, though the form of the boxes in which the instruments of both parties were packed was similar, the circulars and labels used on defendant's boxes distinguished the origin of their instruments, and were not similar to plaintiff's labels, except as to the picture of the instrument, defendants were not guilty of any misrepresentation tending to lead the public to believe that their instruments were manufactured by plaintiff, and were therefore not guilty of unfair competition.

In Equity.

C. A. L. Massie and Philip Mauro, for plaintiff.
John P. Bartlett, for defendants.

WHEELER, District Judge. This bill is brought against alleged unfair competition in the sale of Medical Whirling Spray Syringes. There are patents concerning these syringes which have been assigned by one of the defendants to an assignor of the plaintiff, but this suit is not in any manner upon the patents. And an allusion is made in the brief and argument to some estoppel said to grow out of an assignment of good will; but the assignment referred to covers only patents and control of patents, and does not in any terms purport to assign any good will, or to in any way estop the assignor from manufacturing the article otherwise than under the patents. So the case is to be considered entirely in relation to the unfair competition in trade, stripped of all or any liability growing out of the patents or the assignment. This view of what is involved seems to be arrived at finally by the plaintiff's counsel, for, in a supplemental memorandum to the brief, at page 14, after alluding to what is to be observed in connection with unfair representations in trade, after quoting from a decision that "the imitation need only to be slight, if it attaches to what is most salient," he asks:

"What is most salient about our goods? Not the boxes or any wrappings, because the goods are displayed outside of and removed from any boxes or wrappings; and the defendants' manager, Pearl, admits that the goods are brought to the attention of the public by the appearance of the article itself."

---

¶ 1. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

As this case is presented, therefore, the question is whether the appearance of the article itself, as a principal thing, is a sufficient foundation for restraining the making and selling of the article. There is nothing about the article, as made and sold by the defendants, that is not necessary in the making and operation of such an instrument. It is made in the form that it must be made in order to accomplish its purpose, and, if the making in that form is any representation that the thing made came from the plaintiff, it is because of the extent to which the plaintiff had made and displayed and sold it before the defendants began. The defendants had as good a right, aside from the patents or estoppel, to make and sell these articles as the plaintiff had; and the competition, if any, as to that, would grow out of merely doing what the defendants and any others had a right to do. There are no cases, so far as has been observed, that go so far as to take away this natural right. These instruments are sold in boxes, and there would be no misrepresentation otherwise than by the article, except what might be put upon or about the boxes themselves. In this case the boxes are merely such as are suitable for containing such an article. They are in a similar shape to the plaintiff's boxes, as boxes for containing these articles must be. They are different in color, and therefore whatever might distinguish the boxes is used. The labels on the boxes and the plaintiff's and defendants' circulars are alike in so far as they show this instrument as it is supposed to be in operation. Aside from this picture of the instrument, the labels and circulars of the defendants distinguish the origin of the instrument as their own, as the plaintiff distinguishes the origin of its instruments as its own. The only similarity not necessary to the showing of the articles themselves is the inclination of the picture to one side, which is common in some instances to both. This of itself, in connection with the different-colored boxes, and the full display of the names of the makers, does not seem to be any such representation that the instruments are of the plaintiff's production and make as to amount to any misleading or unfair statement that the articles made and sold by the defendants originated with the plaintiff. Whatever rights the plaintiff may have, growing out of the patents, that are not involved here, those claimed to be involved here do not seem to amount to any unfair or unlawful competition in trade.

Bill dismissed.